**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 98-20741
Summary Calendar
_____

In the Matter of:  ROY BERT ROBINSON,

                                        Debtor.

RICHARD HENRY PARKER, JR.,

                                        Appellant,

                    VERSUS

DONALD M. LANCON, ROY BERT ROBINSON,
                and
        KATHLEEN ROBINSON,

                                        Appellees.

*******************************************

In the Matter of:  RICHARD HENRY PARKER, JR.,

                                        Debtor.

RICHARD HENRY PARKER, JR.,

                                        Appellant,

                    VERSUS

DONALD M. LANCON, ROY BERT ROBINSON,
                and
        KATHLEEN ROBINSON,

                                        Appellees.

Appeal from the United States District Court
for the Southern District of Texas
(H-95-CV-5714)

June 14, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Richard Parker appeals the district court's rejection of all of his challenges to bankruptcy court orders. The first error Parker alleges§§the failure of the bankruptcy court to disqualify an attorney§§he waived by failing to designate the issue in his statement of issues submitted to the district court pursuant to FED. R. BANKR. P. 8006. *See Zimmermann v. Jenkins (In re GGM, P.C.)*, 165 F.3d 1026, 1031 (5th Cir. 1999) (holding "that, even if an issue is argued in the bankruptcy court and ruled on by that court, it is not preserved for appeal under Bankruptcy Rule 8006 unless the appellant includes the issue in its statement of issues on appeal.").

Regarding the remaining issues, there is no reversible error, and we affirm on the basis of the district court's thorough opinion, which does a fine job of wading through the convoluted morass of proceedings to resolve the fairly simple legal arguments. It is time for this seemingly endless litigation§§over fifteen years of related cases, involving several courts at both the state and federal level§§to be brought to conclusion. AFFIRMED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.